IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRANIK GRIGORYAN,           : | |
|     Petitioner               : | |
|     v.                                : | Case No. 3:24-cv-287-KAP |
| LEONARD ODDO, WARDEN,  : | |
| MVPC, *et al.*,                            : | |
|     Respondents            : | |

<u>Memorandum Rule and Order</u>

    Petitioner, detained at the Moshannon Valley Processing Center, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241, which counsel served on the respondents. Petitioner now moves for default at ECF no. 7. The motion is denied.

    Section 2241 descends through many intermediaries from the English Habeas Corpus Act of 1679 and as used in this context is understood to be, like its predecessor, a mechanism for bringing a party into court to review the cause of detention and not an action for judgment in itself. As such, although the reasons differ from the modern use of habeas corpus to challenge serious defects in the process used to reach judgment in a criminal case, default judgments have always been regarded as inappropriate in habeas matters. *See* <u>Allen v. Perini</u>, 424 F.2d 134, 138 (6th Cir.1970)("We conclude that in spite of the untimeliness of the State's return, the District Court would have no power to grant the writ of habeas corpus in the absence of an evidentiary hearing and unless and until the averments of the petition have been proved by competent evidence."); <u>United States ex rel.</u> <u>Mattox v. Scott</u>, 507 F.2d 919, 924 (7th Cir.1974)("We agree with the Sixth Circuit and Professor Moore's treatise that the Advisory Committee did not intend to provide for a habeas corpus petitioner's release in the event of a failure to make a timely return, for the burden of default would then fall upon the community at large."). Because default judgments have not been part of habeas practice traditionally, they are not an authorized innovation now. *See* Fed.R.Civ.P. 81(a)(4)(B) (Federal Rules of Civil Procedure are applicable in habeas to the extent that they conform to prior practice).

    As for claims of serious health risks to the petitioner from continued detention, those are typically addressed in a civil rights complaint by motions practice under Fed.R.Civ.P. 65. In the first year of Covid-19, a panel of the Court of Appeals did hold, in <u>Hope v. Warden York County Prison</u>, 972 F.3d 310, 327 (3d Cir.2020), that claims of unconstitutional conditions of confinement can be remedied by a writ of habeas corpus issued on a petition filed under Section 2241, but the panel stressed that it was not establishing a "garden variety" cause of action to bypass civil complaints generally. *Id*. 972 F.3d at 325.

Finally, the respondent is typically represented by the United States Attorney for the Western District of Pennsylvania. Counsel should contact the United States Attorney for the Western District of Pennsylvania, and if that office will not accept service, either make service on the United States Attorney for the Western District of Pennsylvania or move to have the Marshal make service.

In either case, within sixty days of service, respondent, through the United States Attorney for the Western District of Pennsylvania, shall file a response to the allegations in the petition for the writ of habeas corpus, showing cause, if any, why the writ should not be granted.

DATE: February 20, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record